UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL WILLIAM SHEPARDSON,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Case No. EDCV 13-01895 AN<br><br>MEMORANDUM AND ORDER |

Pursuant to the Court's Case Management Order, the parties have filed the Administrative Record ("AR") and a Joint Stipulation ("JS") raising one disputed issue. The parties have consented to proceed before the Magistrate Judge. The Court has carefully reviewed the parties' respective contentions in conjunction with the AR. This matter is now ready for decision.

///
///
///
///
///

**Issue #1**

Plaintiff contends the Administrative Law Judge ("ALJ") failed to give clear and convincing reasons for rejecting his subjective symptom testimony. (JS 4-15, 20.)

Plaintiff claims that he stopped working in June 2004, due to a blood clot in his leg and hip problems.[1] (AR 42-43.) Plaintiff underwent surgeries for replacement of his left hip in 2007 and replacement of his right hip in 2009. (AR 27, 49.) Plaintiff reports that he still experiences pain and numbness in his legs, foot, and back, cannot bear weight on his left leg, and is in need of a second surgery for left hip replacement, due to loose hardware. (AR 27, 48-51.) Plaintiff claims that he is limited to sitting 15 to 20 minutes, standing 15 to 20 minutes, and walking one-quarter mile with the use of a cane. (AR 46-47, 50-51.) Plaintiff asserts that his doctor advised him to avoid stooping and bending. (AR 51.)

The ALJ found that Plaintiff suffers from degenerative disc disease, scoliosis, and hypertension, and is status post degenerative joint disease of the right hip. (AR 25.) The ALJ assessed Plaintiff with a residual functional capacity ("RFC") for a range of light work.[2] (AR 26.) In making this assessment, the ALJ found that Plaintiff's subjective complaints concerning the intensity, persistence, and limiting effects of his alleged symptoms were not entirely credible. (AR 27-30.)

---

[1] Although Plaintiff originally alleged an onset of disability date of June 1, 2004, Plaintiff amended his alleged onset of disability date to November 13, 2009, as Plaintiff was incarcerated in state prison from January 10, 2005 through November 12, 2009, and January 20, 2010 through October 16, 2010. (AR 23, 25, 42, 57.) Plaintiff's date last insured ("DLI") for Disability Insurance Benefits ("DIB") was December 31, 2009. (AR 25, 44.) Thus, to be entitled to DIB, Plaintiff must establish that he was disabled before or as of that date. (AR 25, 44); 42 U.S.C. § 423; *see also Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998) ("In order to obtain disability benefits, [a claimant] must demonstrate that he was disabled prior to his last insured date.").

[2] The ALJ found that Plaintiff has the ability to lift and/or carry 20 pounds occasionally and 10 pounds frequently, sit, walk, or stand for 6 hours in an 8-hour workday with normal breaks and the option to alternate positions at 30 minute intervals for 1 to 5 minutes, and can occasionally climb ramps and stairs, kneel, stoop, crawl, crouch, and reach above his shoulders/head bilaterally. (AR 26.) Plaintiff cannot climb ladders, ropes, or scaffolds, must avoid exposure to unprotected heights and dangerous machinery, and may need to use a single point cane for prolonged walking or walking on uneven or moving surfaces. (AR 26.)

The ALJ provided valid reasons to support the adverse credibility assessment. The ALJ explained that the medical records did not confirm Plaintiff's allegations of chronic severe pain and disabling limitations. The ALJ's finding is supported by the record, which is devoid of any treatment records for the relevant time period, November 13, 2009, through December 31, 2009. The ALJ also gave a detailed summary of the medical evidence pre-dating Plaintiff's alleged onset date and post-dating Plaintiff's DLI that Plaintiff does not dispute. The ALJ noted that after Plaintiff underwent bilateral hip replacement surgeries, Plaintiff continued to report chronic hip, leg, and back pain. (AR 28-29.) However, certain medical records establish that Plaintiff's pain was controlled with medication. *See Morgan v. Apfel*, 169 F.3d 595, 599-600 (9th Cir. 1999) (ALJ's adverse credibility determination properly accounted for physician's report of improvement with medication). In January 2010, Plaintiff's doctor reported that, although Plaintiff walked with a limp, his pain was controlled with Naproxen, his hypertension was stable on medication, and his examination was otherwise within normal limits. (AR 29, 220, 225.) Likewise, in June 2010, results from a physical examination were within normal limits, and Plaintiff's symptoms were noted to be relieved with medication. (AR 29, 223.) Subsequent treatment records revealed negative straight leg raising test results and normal motor strength in Plaintiff's extremities. (AR 29, 299, 318, 320, 332.) In addition to citing to Plaintiff's medical records, the ALJ also gave great weight to the opinion of the state agency medical consultant, S. Brodsky, D.O. (AR 30, 230-32.) Dr. Brodsky reviewed Plaintiff's records, including the January 2010 medical evaluation indicating that medication helped control Plaintiff's pain and symptoms, and an x-ray of Plaintiff's left hip from February 2010, which showed that there was no evidence of any loosening of Plaintiff's hip prosthesis and only mild diffuse osteopenia. (AR 30, 208, 225, 231.) Dr. Brodsky considered these two records to be medically relevant because they were completed within two months of Plaintiff's DLI. (AR 231.) Dr. Brodsky concluded that Plaintiff was capable of performing light exertion work with postural and environmental limitations consistent with the ALJ's RFC assessment through Plaintiff's

DLI. (AR 30, 208, 225, 231-32.) Thus, the ALJ properly discounted Plaintiff's credibility based on the medical evidence of record and Dr. Brodsky's opinion regarding the nature and severity of Plaintiff's impairments.[3/] (AR 27-30); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (objective medical evidence may not be the sole reason for discounting credibility but is nonetheless a legitimate and relevant factor to be considered in assessing credibility); *see Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ may consider the inconsistency between claimant's subjective complaints and objective medical findings in the credibility analysis).

Plaintiff argues that the ALJ erred by relying upon the lack of objective medical evidence to discredit Plaintiff's credibility. (JS 9.) He asserts that such rationale is legally insufficient pursuant to *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).

*Bunnell* provides that once a claimant produces objective medical evidence of an underlying impairment, the ALJ may not reject the claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain. *Id.* (citing *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986)). Rather, the ALJ must make findings properly supported by the record that are "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Bunnell*, 947 F.2d at 345-46. The ALJ satisfied that standard here. The

---

[3/] The Court notes that in June 2011, more than a year after Plaintiff's DLI, a bone scan of Plaintiff's left hip indicated prosthetic loosening or degenerative changes of the left hip and that an MRI of Plaintiff's lumbar spine showed degenerative disc disease with a fracture at T12 of unknown chronicity, likely degenerative in nature. (AR 29-30, 309, 315, 316-17, 333.) While evidence post-dating Plaintiff's DLI may be probative of Plaintiff's pre-DLI disability, *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996), any deterioration in Plaintiff's condition subsequent to his DLI "is, of course, irrelevant." *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1461 & n. 4 (9th Cir.1995) (observing that deterioration in claimant's condition subsequent to expiration of insured status irrelevant). The bone scan and MRI have limited relevance as they reflect Plaintiff's condition as of June 2011. These studies do not demonstrate that the loosening of the left hip prosthesis or lumbar spine condition existed during the time period at issue in this case, November 13, 2009, through December 31, 2009. But even if they did pertain to the relevant period, the ALJ's assessment of Plaintiff's RFC accounts for limitations in Plaintiff's ability to sit, stand or walk for prolonged periods. (AR 26.)

ALJ did not discredit Plaintiff's testimony solely because it was unsupported by objective medical evidence. The ALJ also cited other valid reasons for discounting Plaintiff's allegations that were supported by the record, as discussed below. Thus, the objective medical evidence was a relevant factor in the ALJ's evaluation of Plaintiff's credibility.

The ALJ also considered Plaintiff's daily activities in the credibility analysis. (AR 27-28, 30.) The ALJ noted that Plaintiff drives to grocery stores and doctors' appointments, prepares simple meals, maintains his personal grooming, vacuums, washes dishes, does laundry, shops, reads, watches television, works on Sudoku puzzles, visits with family and friends, and attends church and parole meetings on a regular basis. (AR 44-47.) The ALJ reasonably concluded that because some of the abilities and interactions required to perform Plaintiff's activities were the same as those necessary for maintaining employment, Plaintiff's ability to participate in such activities diminished his credibility. (AR 27-28, 30); *see Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[I]f, despite his claims of pain, a claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job, it would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent the claimant from working"); *Morgan*, 169 F.3d at 600 (claimant's ability to fix meals, do laundry, work in the yard, and occasionally care for his friend's child was evidence of claimant's ability to work). Even if the evidence related to Plaintiff's daily activities is susceptible to a different interpretation more favorable to Plaintiff, the ALJ's interpretation was rational and should be upheld. *See Burch*, 400 F.3d at 680-81 ("Although the evidence of Burch's daily activities may also admit of an interpretation more favorable to Burch, the ALJ's interpretation was rational, and '[w]e must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.'" (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989))).

The ALJ also questioned Plaintiff's motivation to work. The ALJ noted that in August 2011, Plaintiff reported that he was not working because he was receiving support from his family and from his retirement. (AR 28, 29, 295 ("Not working currently as 'I

1  get support from family and retirement.'".) Plaintiff did not challenge the ALJ's
2  consideration of this evidence. The ALJ reasonably inferred that Plaintiff's statement
3  suggested a lack of motivation to seek employment, which cast doubt on his credibility
4  and subjective symptom testimony. *See, e.g., Osenbrock v. Apfel*, 240 F.3d 1157, 1165-67
5  (9th Cir. 2001) (noting that evidence reflecting restricted activities is a self-imposed
6  lifestyle choice, and that "the claimant does not possess the motivation to do more," is
7  a permissible reason to discount a claimant's credibility).

8  For the reasons stated and based on the relevant record, the Court concludes that
9  the ALJ provided specific, clear and convincing reasons for finding Plaintiff not fully
10 credible. *See Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996); *Reddick v.*
11 *Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Accordingly, reversal or remand is not
12 warranted based on Issue #1.

### ORDER

The Court finds that the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED: August 19, 2014

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE